IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Criminal Case No: 1:19-cr-00017-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENDALL LEVISON,

    Defendant.

---

ORDER DENYING MOTION TO REOPEN DETENTION [Dkt. 59]

---

Mr. Levison has filed a Motion to Reopen Detention Pursuant to 18 U.S.C. § 3142(f)(2) [Dkt. 59]. He asks the Court to reopen his detention hearing under 18 U.S.C. § 3142(f)(2)(B) and order his release on conditions, to include participation in substance abuse and mental health treatment. Senior District Judge Arguello referred the Motion to the magistrate judge. [Dkt. 60.] The Government opposes the Motion and represents the Supervising Probation Officer also opposes it. [Dkt. 62.]

On February 11, 2022, this Court ordered Defendant's detention. [Dkt. 54.] The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1, which incorporates 18 U.S.C. § 3143(a)(1). That Rule provides "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the Defendant." Fed. R.

1

Crim. P. 32.1(a)(6). Because Defendant waived his right to a detention hearing, the Court found Defendant presented no evidence to meet the burden established in the Rule, and therefore, ordered him detained. [Dkt. 54.]

Defendant seeks to reopen his detention hearing because, on July 8, 2022, he was moved without warning from the Denver Detention Center (DDC) to the Federal Detention Center (FDC) where he is now deprived of necessary medical and psychiatric care. The Motion seeks Defendant's release to a halfway house, which would allow him to receive care similar to what he received when housed at the DDC. The Government opposes the Motion primarily for two reasons: (1) its end-goal is to seek or explore Defendant's placement in a long-term inpatient treatment program as part of his sentence, and (2) Defendant has a record of violating rules of the halfway house he now seeks to be released to.

The Court has considered the briefing on the Motion and other matters from the docket and finds a hearing is unnecessary. The Court DENIES the Motion for the following reasons.

Under § 3142(f)(2)(B), a detention hearing may be reopened:

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing *and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community*.

18 U.S.C. § 3142(f)(2)(B) (emphasis added). The purpose of this provision is to allow parties to present new information that increases the likelihood a defendant would

appear in court or decrease the potential danger a defendant poses to an individual or the community. *See United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *2 (N.D. Tex. Mar. 26, 2020) (quoting *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015)). Courts interpret this provision strictly. *United States v. Young*, No. 2:13-cr-00149-KJD-CWH, 2014 WL 11380770, at *2 (D. Nev. Feb. 25, 2014).

Here, the Court is sympathetic to Defendant's apparent surprise transfer and resulting depletion of his medical care and treatment. But those circumstances do not have a "material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). The burden is on Defendant to show "by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community[.]" Fed. R. Crim. P. 32.1(a)(6). Defendant presented no evidence on these factors at his detention hearing, and the Motion does not touch these issues either. It merely argues his detention hearing should be reopened, and he should be released, so as to provide Defendant with better resources for his medical care and treatment.

Without indication there is evidence to present that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the

community, the Court finds no basis under § 3142(f)(2)(B) to reopen the detention hearing. The Motion is DENIED.

The parties are ADVISED of their right to file objections to this Order within 14 days pursuant to Fed. R. Crim. P. 59(a).

DATED:      July 29, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge